**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEANINE WILLIAMS** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **ATLANTIC CREDIT & FINANCE** ) | |
| **INC.** ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jeanine Williams, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Jeanine Williams, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant conducts business in the District and maintains a registered office in this District.

### III. PARTIES

4.      Plaintiff, Jeanine Williams is an adult natural person residing at 3415 24th Street SW, Lehigh Acres, FL 33976-3967.

5.      Defendant, Atlantic Credit & Finance Inc.("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the State of New Jersey with its principal place of business located at 2727 Franklin Road, SW, Roanoke, VA 24014 and a registered office located at 830 Bear Tavern Road, Trenton, NJ 08628-1020.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7.      Plaintiff has been receiving calls from the Defendant for over a year in regards to a debt owed to HSBC for an amount exceeding $16,000.

8.      Plaintiff has continually tried to work with Defendant to see if they will allow her to work out a payment plan.  Defendant's agent's will not work with her and continue to demand payment in full.

9. On or around November 16, 2009, Plaintiff received a call from Defendant's agent, "Manny", who asked the Plaintiff "where is your husband or boyfriend why can't you have them pay this debt off for you.

10. Plaintiff explained to Defendant's agent, "Manny", that she was not married and that she was trying to make arrangements to pay off her debt. Defendant's agent, "Manny", then proceeded to ask the Plaintiff why she did not have a husband.

11. Defendant's agent, "Manny", told the Plaintiff that she shouldn't have "racked up her credit cards" if she didn't ever plan on paying them.

12. Plaintiff was told by Defendant's agent, "Manny", that she should have never even been given the credit card in the first place.

13. On that same call, Plaintiff tried to explain to the Defendant that she was a single mother and that she was doing her best to pay off her debt. Defendant's agent, "Manny", asked the Plaintiff why she had ever had children if she wasn't even able to pay her bills.

14. Plaintiff asked if she could speak to a supervisor. Defendant's agent, "Manny", told the Plaintiff that he was a supervisor and there was nothing he could do to help her. Plaintiff ended the call.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(2): | Profane language or abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

§§ 1692e: Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(2): Character, amount, or legal status of the alleged debt

§§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Atlantic Credit & Finance Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                              **Respectfully submitted,**

                                              **WARREN & VULLINGS, LLP**

**Date: December 2, 2009**                **BY:** */s/ Bruce K. Warren*
                                              Bruce K. Warren, Esquire


                                              **BY:** */s/ Brent F. Vullings*
                                              Brent F. Vullings, Esquire

                                              Warren & Vullings, LLP
                                              1603 Rhawn Street
                                              Philadelphia, PA 19111
                                              215-745-9800    Fax 215-745-7880
                                              Attorney's for Plaintiff